**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| SUTONG TIRE RESOURCES, INC., | : | |
| Plaintiff, | : | Court No. 26-3040 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

**COMPLAINT**

Plaintiff, Sutong Tire Resources, Inc., through its undersigned attorneys, alleges the following as its Complaint in this case:

**JURISDICTION AND RELEVANT FACTS**

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1581(a).

2. Plaintiff is the importer of record of the subject merchandise.

3. The protest was timely filed with, and denied by, U.S. Customs and Border Protection ("CBP" or "Customs") on March 24, 2026. The Summons filed in this action was likewise timely filed.

4. All liquidated duties, charges and exactions were paid prior to the commencement of this action.

5. The subject merchandise consists of Off-The-Road ("OTR") tires from the People's Republic of China ("China").

6. The subject merchandise, entered for consumption in 2015, was covered by the Countervailing Duty ("CVD") Order on OTR tires from China, published September 4, 2008. *Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Countervailing*

*Duty Order,* 73 Fed. Reg. 51,627 (Sept. 4, 2008). On the same day, the U.S. Department of Commerce ("Commerce") published an Antidumping Duty ("ADD") Order covering the same merchandise. *Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Notice of Amended Final Affirmative Determination of Sales at Less Than Fair Value and Antidumping Duty Order,* 73 Fed. Reg. 51,624 (Sept. 4, 2008).

7. The subject merchandise was purchased by Plaintiff from Xuzhou Xugong Tyres Co., Ltd. ("Xugong"). At the time of entry, the applicable CVD cash deposit rate was 5.65%.

8. Entries of the subject merchandise were covered by the eighth administrative review of the CVD Order for the period of review ("POR") spanning January 1, 2015, through December 31, 2015. *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 81 Fed. Reg. 78,778, 78,788 (Nov. 9, 2016).

9. A final determination of that 2015 CVD administrative review was published April 13, 2018, attributing a final CVD rate of 91.94% to entries of OTR tires from Xugong. *Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2015*, 83 Fed. Reg. 16,055, 16,056 (Apr. 13, 2015).

10. That April 13, 2018, publication terminated the suspension of liquidation for CVD for the subject entries, and stated: "Commerce intends to issue appropriate instructions to U.S. Customs and Border Protection (CBP) 15 days after publication of the final results of this review." *Id*. at 16,057.

11. These instructions from Commerce to CBP were not issued 15 days after publication but instead were issued two and a half years later on September 9, 2020, as Message No. 0253404. That Message stated:

1. Notice of the lifting of the suspension of liquidation of entries of merchandise covered by this message occurred with the publication of the final results of administrative review of the countervailing duty order on certain new pneumatic off-the-road tire from the People's Republic of China (subject merchandise)(C-570-913) for the period 01/01/2015 through 12/31/2015 (83 FR 16055, 04/13/2018).

2. Accordingly, for all shipments of subject merchandise from the producer and/or exporter listed below that were entered, or withdrawn from warehouse, for consumption, during the period 01/01/2015 through 12/31/2015, assess a countervailing liability at the following percentage of entered value:

Producer and /or Exporter: Xuzhou Xugong Tyres Co., Ltd.

Case number: Entries during this period of review may have been made under C-570-913-000, C-570-913-048 or other company-specific case numbers.
Final subsidy: 91.94%

3. There are no injunctions applicable to the entries covered by this instruction.

Message No. 0253404.

12. Xugong, on May 5, 2017, filed in this Court an appeal of Commerce's final results of the seventh, administrative review ("AR7") of the ADD Order of OTR tires from China, with the POR spanning September 1, 2014, through August 31, 2015. *Xuzhou Xugong Tyres Co. v. United States*, Court No.17-00104, Summons (May 5, 2017), ECF 1; *Certain New Pneumatic Off-the-Road Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2014–2015*, 82 Fed. Reg. 18,733 (Apr. 21, 2017). Xugong did not judicially challenge Commerce's final results of the 2015 administrative review of the CVD Order on OTR tires from China.

13. On May 10, 2017, this Court entered an order preliminary enjoining the liquidation of entries from Xugong that were covered by AR7 of the ADD Order on OTR tries from China. *Xuzhou Xugong Tyres Co. v. United States*, Court No.17-00104, Order (May 10, 2017), ECF 12.

14. That AR7 ADD preliminary injunction order entered by this Court did not enjoin the liquidation of entries from Xugong that were covered by the CVD Order on OTR tires from China.

15. On June 5, 2017, this Court for purposes of judicial economy consolidated the Xugong action, Court No. 17-00104, with seven other cases also challenging aspects of Commerce's final results of AR7 of the ADD Order on OTR tries from China, under the lead case, *Guizhou Tyre Co. v. United States*, Consol. Court No. 17-00100.

16. On May 18, 2023, following two remand redeterminations by Commerce, this Court issued a final judgment in all cases consolidated under Court No. 17-00100. *Guizhou Tyre Co. v. United States*, 671 F. Supp. 3d 1371 (CIT 2023).

17. On July 14, 2023, the plaintiffs in the lead ADD appeal, Guizhou Tyre Co., Ltd. ("Guizhou") and Aeolus Tyre Co., Ltd. ("Aeolus"), appealed this Court's May 18, 2023, final judgment affirming Commerce's redetermination in AR7 of the ADD Order on OTR from China to the U.S. Court of Appeals for the Federal Circuit ("CAFC"). *Guizhou Tyre Co. v. United States*, Court No. 17-00100, Notices of Appeal (July 14, 2023), ECF 129-30.

18. Xugong did not appeal this Court's May 18, 2023, final judgment affirming Commerce's redeterminations in AR7 of the ADD Order on OTR tires from China.

19. The May 18, 2023, judgment of this Court as to Xugong thus became final no later than July 18, 2023, when the 60-day time period within which Xugong could appeal that judgment expired.

20. On April 28, 2025, the CAFC affirmed this Court's judgment as to Guizhou and Aeolus in AR7 of the ADD Order on OTR tires from China. *Guizhou Tyre Co. v. United States*, 2025 WL 121890 (Fed. Cir. Apr. 28, 2025).

21. On June 20, 2025, the CAFC issued its Mandate as to the decision of April 28, 2025, for Guizhou and Aeolus. *Guizhou Tyre Co. v. United States*, Court No. 17-00100, Mandate (June 20, 2025), ECF 139.

22. On August 11, 2025, instructions to liquidate relevant entries from Xugong for AR7 of the ADD Order on OTR tires from China were issued by Commerce to CBP as Message No. 5223407.

23. Other than Message No. 0253404 issued September 9, 2020, covering CVD, which removed the suspension of liquidation and directed liquidation of entries from Xugong made during the 2015 POR, and which included Plaintiff's entries covered by this action, no further CVD liquidation instructions were issued.

24. The subject entries were all liquidated for an increase of CVD on November 25, 2025, with the exception of one entry that liquidated on December 5, 2025.

**<u>FIRST CAUSE OF ACTION</u>**

25. Plaintiff repeats and realleges the allegations in Paragraphs 1-24 as though fully set forth.

26. As provided by statute:

> {W}hen a suspension required by statute or court order is removed, the Customs service shall liquidate the entry, unless liquidation is extended under subsection (b), within 6 months after receiving notice of the removal from . . . Commerce, other agency, or a court with jurisdiction over the entry. Any entry . . . not liquidated by the Customs Service within 6 months after receiving such notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record.

19 U.S.C. §1504(d).

27. The suspension of liquidation covering Plaintiff's entries subject to CVD was expressly removed on September 9, 2020, with the issuance of Message No. 0253404.

28. Customs had notice of the removal of the suspension of liquidation as of that date.

29. Customs did not liquidate the subject entries for CVD until November 25, 2025, and December 5, 2025 – well beyond the six-month period required to do so by applicable law.

30. Accordingly, the subject entries liquidated for CVD should have been liquidated at "the rate of duty, value, quantity and amount of duty asserted at the time of entry by the importer of record," which is Plaintiff Sutong Tire Resources, Inc. Liquidation of those entries for an increase was thus contrary to law.

## SECOND CAUSE OF ACTION

31. Plaintiff repeats and realleges the allegations in Paragraphs 1-24 and 26 as though fully set forth.

32. This Court's May 18, 2023, ADD determination as to Xugong's OTR tires imported by Plaintiff, finalized no later than July 18, 2023, when Xugong did not appeal this Court's decision, removed the suspension of liquidation as to ADD applicable to the entries of those OTR tires imported by Plaintiff.

33. Issuance of this Court's decision on May 18, 2023 and Xugong's failure to appeal within 60 days thereafter, *i.e.*, by July 17, 2023, served as notice to Customs that the suspension of liquidation as to Plaintiff's entries of OTR tires from Xugong for ADD had been removed.

34. The provisions of 19 U.S.C. § 1504(d) thus required that Customs liquidate plaintiff's entries for CVD within six months of July 18, 2023, or by January 18, 2024.

35. Customs' liquidation of those entries on November 25, 2025 and December 5, 2025, for an increase in CVD was thus contrary to law because those entries should have been liquidated at "the rate of duty, value, quantity and amount of duty asserted at the time of entry by the importer of record," 19 U.S.C. §1504(d), which is Plaintiff Sutong Tire Resources, Inc.

Liquidation of those entries for an increase of CVD was thus contrary to law.

**THIRD CAUSE OF ACTION**

36. Plaintiff repeats and realleges the allegations in Paragraphs 1-24 and 26 as though fully set forth.

37. At the latest, CBP had actual Notice on September 9, 2020, in the form of Message No. 0253404 that the suspension of liquidation for CVD had been removed.

38. Even if CBP was unable to liquidate Plaintiff's entries from Xugong for CVD within six months of September 9, 2020, because of the pendency of Xugong's action in this Court challenging Commerce's imposition of ADD on the same entries, no such impediment to liquidation existed once that action became final as of July 18, 2023.

39. Accordingly, the liquidations of the subject entries for CVD at the rate of 91.94% over two years later, on November 25 and December 5, 2025, violated the provisions of 19 U.S.C. §1504(d), and were therefore invalid.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment declaring that Customs' liquidation of the subject merchandise for an increase in CVD was contrary to law, and that Customs be directed to reliquidate the subject entries accordingly and refund the excess duties collected together with lawful interest; and that the Court grant such other relief as it deems proper.

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

By: /s/ Jordan C. Kahn
Jordan C. Kahn

1250 New York Ave., N.W., Ste. 650
Washington, D.C. 20005
Tel. (202) 661-7784
JKahn@GDLSK.com

*Attorneys for Plaintiff*
*Sutong Tire Resources, Inc.*

Dated: August 27, 2026
New York, New York